IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



| | |
|---|---|
| JEFFREY WALKER, LISA WALKER, H.W., JEFFREY WHITE, CHRISTA WHITE, and C.W., <br><br>*Plaintiffs*, <br><br> v. <br><br> STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, BRIAN C.T. JONES, in his official capacity as District Attorney for Limestone County, and JESSICA VENTIERE, in her official capacity as District Attorney for Lee County, <br><br> *Defendants.* | Civil Action No. 2:22-cv-00167 |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED USING INITIALS AND TO FILE A REFERENCE LIST UNDER SEAL PURSUANT TO LOCAL RULE 5.2(B)(1)

Plaintiffs respectfully request that the Court allow Plaintiffs H.W., a minor child, and C.W., a minor child, to proceed under their initials and to file a Reference List containing their true identities under seal to protect their privacy and ensure their safety. Safeguarding the identities of minor Plaintiffs is warranted in light of their minor status and in order to protect them from online and in-person harassment, injury, and other potential harms.

Pursuant to Local Rule 5.2(b)(1), Plaintiffs are concurrently filing a Reference List containing Plaintiffs' true names and the initials to which they correspond. Plaintiffs, therefore, request permission to file the Reference List under seal.

1

## DISCUSSION

I. **Plaintiffs H.W. And C.W. Should Be Permitted To Proceed Under Their Initials Because They Are Minors**

H.W. and C.W. are minor children. (Compl. ¶¶ 101, 114.) As a rule, minors' identities are protected in court filings by the required use of their initials. *See* Fed. R. Civ. P. 5.2(a)(3).

Plaintiffs have a strong privacy interest in protecting their identities in this litigation. *See, e.g., Does* v. *Covington Cnty. Sch. Bd.*, 884 F. Supp. 462, 465 (M.D. Ala. 1995) ("recognizing the vulnerability and tender age of each plaintiff; as well as the sensitive issues involved in the case" in allowing the plaintiff children to proceed anonymously). Courts, in recognizing the "heightened protection" appropriate for minor plaintiffs, *Doe* v. *Porter*, 370 F.3d 558, 561 (6th Cir. 2004), have also allowed them to proceed under pseudonym. *Id.*; *see also Doe* v. *Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (parties may preserve their anonymity in judicial proceedings if they possess a "substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings'") (quoting *Doe* v. *Stegall*, 653 F.2d 180,186 (5th Cir. 1981)). Here, minor Plaintiffs are particularly vulnerable children—transgender youth. *Grimm* v. *Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 613 (4th Cir. 2020) ("[T]ransgender people constitute a minority lacking political power[.]"); *see also Frank*, 951 F.2d at 324 (noting that transgender status is a paradigmatic circumstance for which courts have allowed anonymity) (citing *Doe* v. *McConn*, 489 F. Supp. 76 (S.D. Tex. 1980)). Litigating this case will require minor Plaintiffs to disclose sensitive and deeply personal details about their health histories. These circumstances strongly support permitting minor Plaintiffs to proceed using their initials and have their true identities filed under seal.

## II.   Plaintiffs H.W. And C.W. Should Be Permitted To Proceed Under Their Initials To Protect Them From Harm

Courts have sealed proceedings and documents in cases that could "expose[] sensitive information about a child that could harm the child's future educational or employment prospects or that could cause the child great trauma or embarrassment." *See, e.g.*, *Clark* v. *Bamberger*, No. 12 Civ. 1122, 2016 WL 1183180, at *2 (M.D. Ala. Mar. 28, 2016) (collecting cases). In this case, allowing minor Plaintiffs to proceed using their initials is necessary to ensure that H.W. and C.W. are protected from retaliation and harm in the context of a highly contentious issue of public debate. No party will be prejudiced if minor Plaintiffs are permitted to proceed using their initials and their true names are filed under seal.

Transgender people are often targeted for violence and discrimination. *See Whitaker ex rel. Whitaker* v. *Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017) ("There is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity."); *Arroyo Gonzalez* v. *Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018) (finding that forcing transgender people "to disclose their transgender status . . . . exposes [them] to a substantial risk of stigma, discrimination, intimidation, violence, and danger."). Indeed, Alabama's anti-discrimination laws do not explicitly protect transgender individuals.[1]

By challenging S.B. 184, a statewide law that primarily targets transgender children, minor Plaintiffs are putting themselves at risk for potential retaliatory discrimination and harassment without legal recourse. Debate around this law has already gained extensive media attention in

---

[1] Jonece Starr Dunigan, *Alabama Hate Crime Law Doesn't Protect LGBTQ Citizens*, Al.com (Feb. 17, 2019, 10:12 AM) https://www.al.com/news/2019/02/alabama-hate-crime-law-doesnt-protect-lgbtq-citizens.html; *Alabama's Equality Profile*, Movement Advancement Project (last accessed Apr. 11, 2021), https://www.lgbtmap.org/equality-maps/profile_state/AL.

3

Alabama and nationally.[2] Without the ability to proceed under their initials, minor Plaintiffs are at risk of harassment, harm, and retaliation. In light of both the history of harassment and violence experienced by transgender Americans generally, and the particular questions raised in this case, the minor Plaintiffs' concerns are well-founded and reasonable.

Proceeding using minor Plaintiffs' initials and filing their true names under seal will also protect the children's privacy interests, as this case could involve disclosure of sensitive medical information. *D.T. v. Armstrong*, No. 17 Civ. 00248, 2017 WL 2636519, at *2 (D. Idaho June 16, 2017). This type of information is "of the utmost intimacy." *Stegall*, 653 F.2d at 185. Losing all privacy over the intimate details of their medical care will cause minor Plaintiffs significant distress.

There is no risk of prejudice to the opposing parties in this matter from allowing minor Plaintiffs to proceed using their initials and have their true names filed under seal. Minor Plaintiffs only seek to prevent disclosure of their identities to the public. The parties' information will be available through the regular discovery process under an appropriate protective order. Therefore, allowing minor Plaintiffs to proceed using their initials and have their true names filed under seal will not prevent the opposing parties in investigating the claims or presenting a defense. In addition, revealing minor Plaintiffs' true identities to the public will not add to the Court or the public's understanding of the issues in this case. *See, e.g., Stegall*, 653 F.2d at 185; *Doe v.*

---

[2] Mike Cason, *Alabama Lawmakers Pass Ban on Transgender Medical Treatments for Minors*, Al.com (Apr. 7, 2022, 8:51 PM), https://www.al.com/news/2022/04/ban-on-transgender-medical-treatments-for-minors-at-top-of-alabama-house-agenda.html; Steve Almasy & Amanda Musa, *Alabama Governor Signs Into Law Two Bills Limiting Transgender Youth Protections*, CNN (Apr. 8, 2022, 4:50 PM EDT), https://www.cnn.com/2022/04/08/us/alabama-transgender-bills/index.html; Jo Yurcaba, *Alabama Passes Bills to Target Trans Minors and LGBTQ Classroom Discussion*, NBC News (Apr. 7, 2022, 5:22 PM EDT), https://www.nbcnews.com/nbc-out/out-politics-and-policy/alabama-passes-bills-targeting-trans-minors-lgbtq-classroom-discussion-rcna23444.

*Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2020) (quotation omitted).

## CONCLUSION

The circumstances of these Plaintiffs and the nature of this lawsuit strongly weigh in favor of permitting minor Plaintiffs leave to proceed using their initials in the Complaint and throughout the litigation. Granting this motion will not prejudice Defendants or the public. For these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to proceed with the use of their initials and to file the Reference List under seal.

Dated: April 11, 2022

Respectfully submitted,

/s/ LaTisha Gotell Faulks

L. Nowlin-Sohl* (WA Bar No. 51512)
Malita Picasso* (NY Bar No. 5750013)
Chase Strangio* (NY Bar No. 4879466)
James D. Esseks* (NY Bar No. 2643807)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
lnowlin-sohl@aclu.org

Carl Charles* (GA Bar No. 5427026)
Tara Borelli* (GA Bar No. 265084)
LAMBDA LEGAL
158 West Ponce De Leon Ave., Suite 105
Decatur, GA 30030
Phone: (404) 897-1880
ccharles@lambdalegal.org

Sruti J. Swaminathan* (NY Bar No. 5598792)
LAMBDA LEGAL
120 Wall Street, 19th Floor
New York, NY 10005
Phone: (212) 809-8585
sswaminathan@lambdalegal.org

LaTisha Gotell Faulks (ASB-1279-I63J)
Kaitlin Welborn* (DC Bar No. 88187724)
AMERICAN CIVIL LIBERTIES UNION OF
ALABAMA FOUNDATION
P.O. Box 6179
Montgomery, AL 36106
Phone: (334) 265-2754
tgfaulks@aclualabama.org

Kathleen R. Hartnett* (CA Bar No. 314267)
Julie Veroff* (CA Bar No. 310161)
Zoë W. Helstrom* (CA Bar No. 339093)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
khartnett@cooley.com

Andrew Barr* (CO Bar No. 49644)
COOLEY LLP
1144 15th Street, Suite 2300
Denver, CO 80202
Phone: (720) 566-4121
abarr@cooley.com

Lynly S. Egyes* (NY Bar No. 4838025)
Milo Inglehart* (NY Bar No. 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: (510) 587-9696
lynly@transgenderlawcenter.org

Dale Melchert* (NY Bar No. 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696, ext. 354
dale@transgenderlawcenter.org

Elizabeth Reinhardt* (MA Bar No. 707645)
Adam Katz* (MA Bar No. 706834)
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116
Phone: (617) 937-2305
ereinhardt@cooley.com

Katelyn Kang* (NY Bar No. 5745799)
Valeria M. Pelet del Toro* (NY Bar No. 5764667)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Phone: (212) 479-6849
kkang@cooley.com

Robby L.R. Saldaña* (DC Bar No. 1034981)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
Phone: (202) 842-7800
rsaldana@cooley.com

*Pro Hac Vice Applications Forthcoming*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April 2022, I served the foregoing to the below parties via Fedex overnight mail, thereby serving all counsel of record.

Steve Marshall
Alabama Attorney General's Office
State of Alabama
501 Washington Avenue
Montgomery, AL 36104

Brian C.T. Jones
Limestone Co. Courthouse
200 West Washington St.
1st Floor
Athens, AL 35611

Jessica Ventiere
2311 Gateway Drive
Opelika, Alabama 36801

/s/ LaTisha Gotell Faulks

*Attorney for Plaintiffs*