IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY WALKER, LISA WALKER, H.W., JEFFREY WHITE, CHRISTA WHITE, and C.W.,<br><br>      *Plaintiffs*,<br><br>v.<br><br>STEVE MARSHALL, in his official capacity as Attorney General of the State of Alabama, BRIAN C.T. JONES, in his official capacity as District Attorney for Limestone County, and JESSICA VENTIERE, in her official capacity as District Attorney for Lee County,<br><br>      *Defendants*. | Civil Action No. 2:22-cv-00167 |

### [PROPOSED] PRELIMINARY INJUNCTION

This matter having come before the Court upon Plaintiffs' Jeffrey Walker, Lisa Walker, H.W., Jeffrey White, Christa White, and C.W. Motion for Preliminary Injunctive Relief; for good cause shown, it is hereby ORDERED that Plaintiffs' Motion for Preliminary Injunctive Relief is GRANTED.

On April 7, 2022, the Alabama Legislature passed Senate Bill 184 ("S.B. 184"). On April 8, 2022, Governor Ivey signed into law S.B. 184, which by its terms will take effect 30 days following approval by the Governor.

S.B. 184 makes it a Class C felony for any "person" to "engage in or cause" the performance of certain medical treatments on any minor, "if the practice is performed for the

1

purpose of attempting to alter the appearance of or affirm the minor's perception of his or her gender or sex, if that appearance or perception is inconsistent with the minor's sex as defined by [the] act[.]" S.B. 184. Plaintiffs seek to block enforcement of S.B. 184 until this Court issues a final judgment on the merits of their claims for relief.

The Court, having considered the pleadings, legal authority, and argument presented in support of Plaintiffs' Motion, as well as the sworn declarations submitted in support of that Motion, has found and concluded for the specific reasons required under Federal Rule of Civil Procedure 65(d) that Plaintiffs have shown (1) a likelihood of success on the merits, (2) that they will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of equities tip in Plaintiffs' favor, and (4) that a preliminary injunction is in the public interest.

Minor Plaintiffs have established a likelihood of success on the merits of their claim that S.B. 184 violates Plaintiffs' rights to Equal Protection under the Fourteenth Amendment to the United States Constitution by criminalizing the provision of medically necessary care only when the care is provided to transgender youth, while permitting non-transgender youth to receive comparable medical treatments. Plaintiffs have also established a likelihood of success on the merits of their claim that S.B. 184 violates the Due Process Clause of the Fourteenth Amendment, by interfering with the Parent Plaintiffs' exercise of their fundamental rights to seek and determine medical care for their children. And Plaintiffs have shown that they are likely to succeed on the merits of their claim that S.B. 184 violates the Due Process Clause of the Fourteenth Amendment by failing to provide sufficient notice of the specific conduct that is subject to criminal penalties under the law.

Plaintiffs have demonstrated that, absent injunctive relief preventing S.B. 184 from taking effect, they will be denied medical care and suffer irreparable constitutional, physical, emotional,

psychological, and other harms for which there is no adequate remedy at law. Finally, the balance of hardships between the injuries Plaintiffs will suffer and Defendants' interests weigh in favor of granting Plaintiffs' motion and preserving the status quo, and an injunction is in the public interest.

The Court further finds that Plaintiffs are not required to provide security pursuant to Fed. R. Civ. P. 65(c).

IT IS THEREFORE ORDERED that Defendants, as well as their agents, employees, servants, attorneys, successors and any person in active concert or participation with them, are HEREBY ENJOINED, pending final judgment, from enforcing, threatening to enforce, or otherwise requiring compliance with S.B. 184.

IT IS FURTHER ORDERED that the security requirement of Fed. R. Civ. P. 65(c) is waived and that this injunctive relief is effective upon service.

Done this _____ day of _____, 2022.