IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY WALKER, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   CASE NO.  2:22CV167-ECM |
| | )           (wo) |
| STEVE MARSHALL, in his official | ) |
| Capacity as Attorney General of the State | ) |
| of Alabama, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

This is one of two federal lawsuits arising from the passage of Alabama S.B. 184 on April 7, 2022, which was signed into law by Governor Kay Ivey on April 8, 2022. The electronic filing system of the United States District Court for the Northern District of Alabama indicates that on April 8, 2022, *Ladinsky et al. v. Ivey et al.*, 2:22-cv-447 (N.D. Ala. 2022), was filed in that court, seeking declaratory and injunctive relief against the Governor, the Alabama Attorney General, and the district attorneys of Shelby and Jefferson Counties. Subsequently, on April 11, 2022, the instant case was filed in the United States District Court for the Middle District of Alabama, seeking declaratory and injunctive relief against the Alabama Attorney General and the district attorneys of Limestone[1] and Lee Counties. Although the claims are not identical, both lawsuits raise overlapping issues, include claims on behalf of minor children currently receiving medical treatment which is

---

[1] Limestone County, Alabama is in the Northern federal judicial district of Alabama. This action, therefore, could have been brought in the Northern District of Alabama as a defendant resides in that district and all defendants are residents of Alabama.  28 U.S.C. § 1391.

the subject of the challenged law, and contend that the law violates the guarantees of equal protection and due process of the Constitution of the United States.

The Court ordered the parties to show cause why this action should not be transferred to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a)[2] and the first-filed rule.[3] (Doc. 3). In response, all parties represented that they do not oppose transfer to the Northern District of Alabama. (Docs. 16 & 18).

After evaluating the factors and requirements for a transfer pursuant to 28 U.S.C. § 1404(a), and in light of the first-filed rule, the Court finds that in the interest of justice, this action should be transferred to the Northern District of Alabama where it might have been brought, to which all parties have consented, and where it may be decided with *Ladinsky* to avoid the possibility of conflicting rulings and to conserve judicial resources.[4] This Court makes no finding on the issues of consolidation as the parties in *Ladinsky* are not before this Court.

Accordingly, it is ORDERED as follows:

1. The motion to reassign (doc. 8) is DENIED as moot.

2. In light of the parties' responses, the parties are relieved of any additional briefing requirement in the Court's Order (doc. 3).

---

[2] Pursuant to that statute, a court may transfer a case in the interest of justice to any district in which it might have been brought or to which all parties have consented.

[3] The first-filed rule creates "a strong presumption" that the case should be heard by the court in which the matter was first filed. *Elliott v. Williams*, 549 F. Supp. 3d 1333, 1338 (S.D. Fla. 2021) (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005)).

[4] The Plaintiffs filed a motion to reassign this case to Judge Myron Thompson, asserting that the current action is related to one over which Judge Thompson presided, *Corbitt v. Taylor, et al.*, 2:18-cv-91-MHT. (Doc. 8). The Plaintiffs have now withdrawn that motion. (Doc. 18). Accordingly, the motion to reassign is due to be DENIED as moot.

3. This action, including all pending motions, shall be transferred immediately to the United States District Court for the Northern District of Alabama.

Done this 15th day of April, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE